UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OCTAVIOUS MARKELL BOHANNON,

        Plaintiff,

        v.                                        Case No. 22-cv-1563-bhl

MILWAUKEE COUNTY JAIL and
NURSE PRACTITIONER SENNIT,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Octavious Markell Bohannon, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Bohannon's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Bohannon has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Bohannon has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed an initial partial filing fee of $8.51. On February 28, 2023, Bohannon filed a letter explaining that he does not have enough money in his account to pay the initial partial filing fee. Because Bohannon lacks the funds to pay the partial filing fee, the Court will waive his obligation to pay the fee. 28 U.S.C.

§1915(b)(4). Bohannon must pay the $350 statutory filing fee over time in the manner described at the end of this decision.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Bohannon asserts that, following a blood draw in late November 2022, Defendant Nurse Practitioner Sinnec diagnosed him with diabetes and started him on medication. He asserts that, after taking the medication for three weeks, another blood draw was performed, and it was discovered that he did not have diabetes. He asserts that nurses told him he had been taking another inmate's medication. According to Bohannon, "this could have caused [him] mental & physical damage permanently." Dkt. No. 1 at 2-3. Bohannon attaches a physician's order sheet and discharge documentation to his complaint, but it is not clear why. The medications listed in those documents were all prescribed by different providers prior to November 2022, which is when Bohannon alleges he was prescribed the diabetes medication.

### THE COURT'S ANALYSIS

The complaint fails to state a claim because Bohannon does not allege that he suffered any injury as a result of taking the diabetes medication. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (explaining that to state a claim, a plaintiff must establish that a state actor violated his rights *and* that the violation caused the plaintiff injury or damages) (citations omitted). Bohannon asserts that taking the medication *could have* caused him harm, but "that risk is not actionable under §1983 without actual injury." *Walker v. Leibert*, 844 F. App'x 920, 922 (7th Cir. 2021). The complaint also fails to state a claim because the only reasonable inference is that Sinnec made an unfortunate error and therefore his actions amounted to only negligence, which is insufficient to state a constitutional claim. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015)

3

("liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process") (emphasis in original and citations omitted). If Bohannon wants to pursue a negligence claim, he must do so in state court, not this Court.

The Seventh Circuit has observed that plaintiffs should be afforded at least one opportunity to amend their complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Bohannon believes he can cure the deficiencies identified in this decision, he may file an amended complaint by March 31, 2023. If Bohannon does not believe he can cure the deficiencies, he does not have to take any further action. If the Court does not receive an amended complaint by the deadline, it will dismiss this action based on Bohannon's failure to state a claim in the original complaint.

Bohannon is advised that if he files an amended complaint, it will replace the original complaint and therefore must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that Bohannon's obligation to pay an initial partial filing fee is waived and his motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 31, 2023**, Bohannon may file an amended complaint if he believes he can cure the defects in his original complaint as described in this decision. If the Court does not receive an amended complaint by the deadline, it will dismiss this action based on Bohannon's failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Bohannon a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Bohannon shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Bohannon's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Bohannon is transferred to another institution, the transferring institution shall forward a copy of this Order along with Bohannon's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Bohannon is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Bohannon is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge